UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER LEE DALLMANN, *et al.*,<br><br>Defendants. | Case No. 2:22-cr-00030-RFB-DJA<br><br>**ORDER** |

## I.   INTRODUCTION

Before the Court is Defendant Kristopher Dallmann's Motion to Dismiss. ECF No. 129. For the following reasons, the Motion to Dismiss is denied.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On August 27, 2019, the indictment in this case was filed in the United States District Court for the Eastern District of Virginia. ECF No. 1. On February 3, 2022, the case was transferred to the United States District Court for the District of Nevada. Id. There are nineteen counts included in the indictment. The Government alleges that from about 2007 to 2017, Mr. Dallman, with the assistance of others, operated Jetflicks, an online, subscription-based service that permitted users to stream and download copyrighted television programs without the permission of the relevant copyright owners. The Defendant willfully reproduced tens of thousands of copyrighted television episodes and distributed the programs to individuals throughout the United States. The estimated harm to copyright owners was millions of dollars. Jetflicks operated similarly to Netflix, Hulu, and Amazon Prime Video. For a subscription fee as little as $9.99 per month, Jetflicks enabled its subscribers to watch an unlimited number of commercial-free television programs, often within days of the episodes' first airings. The company sought to make these programs available on a

variety of devices and platforms including Apple TV, Google Chromecast, and Roku. Jetflicks obtained television programs from other sites hosting infringing content. Jetflicks, at one point, claimed to offer more than 183,200 television episodes and have more than 37,000 subscribers.

On January 18, 2024, Mr. Dallmann submitted a Motion to Dismiss. ECF No. 129.

### III.   LEGAL STANDARD

An indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Generally, an indictment is sufficient if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged. United States v. Woodruff, 50 F.3d 673 (9th Cir. 1995).

The Ninth Circuit has held that an indictment setting forth the elements of the offense is generally sufficient. United States v. Fernandez, 388 F.3d 1199, 1219 (9th Cir. 2004) (citing United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995)) (In the Ninth Circuit, the use of a bare bones information – that is one employing the statutory language alone – is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished.) (quotation marks omitted)). An indictment, however, need only set forth the essential facts necessary to inform the defendant of what crime she is charged; it need not explain all factual evidence to be proved at trial. United States v. Blinder, 10 F.3d 1468 (9th Cir. 1993).

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, a court must accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." Id.

### IV.   DISCUSSION – MERGER ISSUE

Mr. Dallmann's submits a Motion to Dismiss the money laundering charges presented in Counts 12-15 of the Criminal Indictment. Count 12 alleges that Dallmann made a payment to

provide domain name server services for Jetflicks. This payment involved the proceeds of a specified unlawful activity, criminal copyright infringement and conspiracy to commit criminal copyright infringement. Count 13 alleges that Dallmann made a payment to Luis Angel Villarino for computer programming and coding services to Jetflicks, which involved the proceeds of a specified unlawful activity. Count 14 alleges that Dallman made a payment to a hosting provider in Canda to rent one or more servers to host Jetflicks, which involved the proceeds of a specified unlawful activity. Count 15 alleges that Dallman made a payment to lease an Internet Protocol address for use with Jetflicks.

Mr. Dallmann asserts that the money laundering charges in Counts Twelve through Fifteen merge with the charged conspiracy to commit copyright infringement, and, therefore, must be dismissed. Mr. Dallmann notes that these charges violate the merger rules first discussed in United Sates v. Santos. 553 U.S. 507 (2008). The Government responds that the Santos decision was overruled by congressional statute and does not apply in this case. In his reply, Mr. Dallmann asserts that his merger is actually separate than the Santos question. His issue focuses on whether the Defendant conducted a transaction with proceeds that is separate and distinct conduct from the underlying specified unlawful activity.

In order to show money laundering, 18 U.S.C. § 1956(a)(1) requires the government to prove that a defendant participated in a financial transaction using the "proceeds" of an unlawful activity.

In Santos, the Supreme Court held that the term "proceeds" in the federal money laundering statute means "profits" instead of "receipts" in certain cases. This is, in part, based on a concern that reading "proceeds" to mean "receipts" would create a merger problem. See Santos, 553 U.S. at 514-19, 525-28. The "merger" problem arises when a money laundering count essentially serves to increase the sentence for the very same behavior constituting the underlying criminal violation. United States v. Ali, 620 F.3d 1062, 1072 (9th Cir. 2010). By showing that profits, as opposed to gross proceeds, are used in furtherance of the illegal operation, a merger problem is avoided. Van Alstyne, 584 F.3d at 814; see also United States v. Kennedy, 726 F.2d 546, 547-48 (9th Cir. 1984) (stating that to ascertain whether or not counts of an indictment are multiplicitous, "[t]he court

applies the traditional test which determines whether each count requires proof of a fact which the other does not.").

However, Congress amended the money laundering statutes in 2009 to define "proceeds" as "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity." United States v. French, 494 F. App'x 784 n.3 (9th Cir. 2012) (citing 18 U.S.C. §§ 1956(c)(9), 1957(f)(2)-(3) (2009)). The amendment effectively overruled Santos. Id. (citing Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, 123 Stat. 1617).

In this case, the allegations supporting Counts Twelve through Fifteen took place in 2016 and 2017, after congressional statute superseded Santos. Thus, the Santos analysis would not apply. See Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) ("New substantive rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms...." (citations omitted)).

In light of this argument, Mr. Dallman's reply argues that the merger problem raised by Defendant is actually more "akin to a multiplicity challenge to the same conduct being charged twice: once as copyright conspiracy and then again as promotional money laundering of copyright conspiracy." However, he provides no binding case law to explain or support this position on these charges and the Court is in no position pretrial to make the necessary factual determinations. The Court thus denies Mr. Dallman's motion as this time but grants him leave to raise these same issues at the close of the government's case.

### V.    DISCUSSION – INSUFFICIENT FACTS

Mr. Dallmann asserts that Counts Twelve to Fifteen are also devoid of facts that describe any intent to conceal the charged financial transactions. The government has charged concealment in each money laundering count in violation of 18 U.S.C. § 1956(a)(1)(B)(i). This statute states:

> "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity…"

18 U.S.C. § 1956(a)(1)(B)(i).

A criminal defendant may move to dismiss the indictment at any time prior to trial. In determining a motion to dismiss under Rule 12, the "court is bound by the four corners of the indictment." United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002). An indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend; and enables a defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. See Hamling et al. v. United States, 418 U.S. 87, 117 (1974).

The court must also accept the facts alleged in the indictment as true. Id. The indictment itself should be read as a whole, construed according to common sense, and interpreted to include facts which are necessarily implied. United States v. Berger, 473 F.3d 1080, 1103 (9th Cir. 2007). In determining whether a cognizable offense has been charged, the court does not consider whether the government can prove its case, only whether accepting the facts as alleged in the indictment as true, a crime has been alleged. United States v. Milovanovic, 678 F.3d 713, 717 (9th Cir. 2012). Rule 12 motions cannot be used to determine "general issues of guilt or innocence," which "helps ensure that the respective provinces of the judge and jury are respected." Boren, 278 F.3d at 914 (citation omitted). A defendant may not challenge a facially-sufficient indictment on the ground that the allegations are not supported by adequate evidence. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

Here, Mr. Dallmann argues that the indictment is insufficient because there are no facts which support an intent to conceal. However, the indictment explicitly alleges that "DALLMAN, did knowingly conduct . . . a financial transaction . . . knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity…." This language tracks the relevant statute. The indictment need not provide more facts than this. Fernandez, 388 F.3d at 1219. The motion is denied as to this argument.

///

///

///

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that the [ECF No. 129] Motion to Dismiss is **DENIED in part without prejudice and in part with prejudice.**

**DATED:** May 25, 2024



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**